UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| I & R PARTNERS, INC., | |
| Plaintiff, | Case No. 3:20-cv-00751 |
| v. | Judge William L. Campbell, Jr. |
| ATLAS COPCO INDUSTRIAL TECHNIQUE, AB, | Magistrate Judge Alistair E. Newbern |
| Defendant. | |

## MEMORANDUM ORDER

This Order addresses the procedural intersection between this case and its substantial twin, *I & R Partners, Inc., v. Atlas Copco Industrial Technique, AB*, Case No. 3:17-cv-1455 (hereinafter, the First Action).[1]

### I. Procedural Background

Plaintiff I & R Partners, Inc. (I & R), filed an action in the Chancery Court for Davidson County, Tennessee, against Defendant Atlas Copco Industrial Technique, AB (Atlas), on June 16, 2016. (FA Doc. No. 1.) I & R did not serve Atlas until October 16, 2017. (*Id.*) Atlas invoked federal diversity jurisdiction and removed the case to this Court on November 15, 2017. (*Id.*) The parties actively litigated the case over the next two years, including participating in alternative dispute resolution. The deadline to complete fact discovery was first set on August 31, 2018 (FA Doc. No. 8). It was extended to October 31, 2018 "due to the delays in completing written discovery (FA Doc. No. 18), and again extended to March 1, 2019 (FA Doc. No. 23). The Court

---

[1] The Court will indicate docket entries from Case No. 3:17-cv-1455 (the First Action) with the citation "FA Doc. No." Docket entries from this action will be cited as "Doc. No."

granted a final extension of the discovery period to July 1, 2019, stating that any further extension "will be hard to come by." (FA Doc. No. 28.)

Atlas served written discovery in February 2018 and, after raising a discovery dispute before Magistrate Judge Brown, received I & R's responses (FA Doc. Nos. 14, 18). Depositions were noticed and taken in June 2019 (*See, e.g.*, FA Doc. Nos. 29–31).[2] "On July 1, 2019,"—the last day of the thrice-extended fact discovery period—"at 11:47 [p.m., I & R] served its first set of interrogatories and requests for production." (FA Doc. No. 38.) Atlas responded by objecting that the requests were untimely. (*Id.*) I & R did not raise a discovery dispute with the Court. On September 25, 2019, Atlas filed a motion for summary judgment. (FA Doc. No. 32.) I & R did not file a timely response to the motion for summary judgment.

On October 28, 2019, I & R filed a motion to voluntarily dismiss the case without prejudice (FA Doc. No. 36), to which Atlas responded in opposition (FA Doc. No. 38). The Court granted the motion for voluntary dismissal without prejudice on November 12, 2019, with the following warning: "Should Plaintiff re-file the same, or a similar, cause of action in this Court, however, the Court will consider a request by Defendant to reference and incorporate filings made in this case, and will set any new case management deadlines with due consideration to the advanced stage of this case prior to dismissal." (FA Doc. No. 39.)

---

[2] In a telephone conference with the Magistrate Judge, counsel for I & R asked to produce email correspondence that he asserted would show why he was unable to complete discovery in the time allotted in the first action. The Court has reviewed the correspondence that I & R filed (Doc. No. 19), but finds that it does not support I & R's position. Instead, it documents counsel working cooperatively through the later phases of the discovery period with no indication that additional time would be needed or that significant hurdles were being faced by either party.

Three months later, on February 10, 2020, I & R filed a nearly identical action against Atlas in the Davidson County Chancery Court.³ (Doc. No. 1-2.) Atlas removed the action to this Court on September 2, 2020. (Doc. No. 1.) Atlas now asks the Court to enter an order incorporating all filings from the First Action, including its motion for summary judgment, into this case. (Doc. No. 5.) Atlas further asks that the Court "set a reasonable deadline for Plaintiff to respond to Defendant's summary judgment motion and that no further activity, including discovery, take place in the case until the Court rules on Defendant's summary judgment motion." (*Id.*) I & R. opposes the motion and asks the Court to treat this case as a novel action. (Doc. No. 12.)

## II. Analysis

"[T]he allowance of a motion to dismiss under Rule 41(a)(2) is not a matter of right, but is discretionary with the District Court both as to whether a dismissal shall be allowed as well as to the terms and conditions to be imposed if allowed." *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007) (quoting *J.R. Adney v. Miss. Lime Co. of Mo.*, 241 F.2d 43, 45–46 (7th Cir. 1957)). Accordingly, "[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary . . . ." *Bridgeport Music, Inc. v. Universal-MCA Pub., Inc.*, 583 F.3d 948, 953–55 (6th Cir. 2009). A court does not abuse its discretion by denying voluntary dismissal without prejudice under Rule 41(a)(2) "where plaintiff's only justification was an 'obvious desire to restart the litigation and secure by other means the scheduling relief' that was previously denied . . . ." *Dunlap v. Sevier Cty., Tenn.*, No. 20-6216, 2021 WL 3123914, at *6 (6th Cir. July 23, 2021).

I & R offers the Court two bases on which to deny Atlas's motion. (*Id.*, Doc. No. 12.) First, I & R argues that because it did not file the second action in this Court—rather, it filed the case in

---

³ The first complaint contains a claim for declaratory judgment that is not included in the second action and the dollar amounts requested in the prayers for relief differ slightly. Otherwise, the complaints are identical. (*Compare* FA Doc. No. 1-2 *with* Doc. No. 1-2.)

state court and Atlas removed it here—the warning included in the Court's dismissal of the First Action does not apply. Second, it argues that application of the Tennessee Savings Statute, Tenn. Code. Ann. § 28-1-105, requires that this Court afford I & R "the same procedural and substantive benefits which were available to [it] in the first action," which, I & R argues, includes a procedural blank slate. *Energy Sav. Prod., Inc. v. Carney*, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987). Neither argument is persuasive.

The Tennessee Savings Statute is intended "to aid the courts in administering fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of the laws of procedure" by allowing a one-year period in which a plaintiff may refile an action that has been dismissed other than by a judgment on the merits. *Pike v. United States*, 868 F. Supp. 2d 667, 684 (M.D. Tenn. 2012). As I & R correctly notes, a plaintiff invoking the Savings Statute is entitled to "the same procedural and substantive benefits which were available at the time of the first action" in the second action. *Id.* (quoting *Energy Sav. Prods. V. Carney*, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987)). "Because Tennessee law favors the resolution of disputes on their merits, the Savings Statute is remedial and should be liberally construed in furtherance of its purpose." *Id.*

Atlas has now removed the second action to this Court under its diversity jurisdiction, just as it did the First Action. (Doc. No. 1.) Federal district courts exercising their diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). "With good reason, district courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained

4

dormant because of the inaction or dilatoriness of the parties seeking relief"). Here, that discretion allows the Court to consider and impose the procedural conditions it placed on the voluntary dismissal of the First Action in directing the "pretrial management, scheduling, and docket control" of this case—regardless of whether the case was filed in this Court or removed here.[4] *Kimble*, 439 F.3d at 336.

Considering the extensive litigation history of the First Action, including the multiple extensions of the discovery period and I & R's failure to raise its need to propound written discovery until nearly four months after Atlas objected to the timeliness of its requests and more than a month after Atlas filed its motion for summary judgment, the Court finds that this action is best characterized as the result of I & R's "obvious desire to restart the litigation and secure by other means the scheduling relief" it could not obtain otherwise. *Dunlap*, 2021 WL 3123915, at *6. In this situation, the Court's interest in ensuring the "just, speedy, and inexpensive determination" of the action counsels that Atlas's motion be granted and the filings made in the First Action be incorporated into this case. Fed. R. Civ. P. 1. Doing so will not deny I & R the opportunity to have its claims against Atlas decided on their merits. *See Pike*, 868 F. Supp. 2d at 684. It will ensure that Atlas not suffer the undue prejudice of litigating the pretrial stages of an identical case for the second time.

---

[4] The Court makes no finding as to whether the Tennessee Savings Statute would afford I & R the chance to begin discovery anew that it assumes it would have had in state court.

### III.     Conclusion

Accordingly, Atlas's motion to incorporate all filings in the First Action (Doc. No. 5) is GRANTED. I & R shall file any response to Atlas's motion for summary judgment by no later than October 28, 2021. The response shall address I & R's failure to file a timely response to Atlas's summary judgment motion in the First Action.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge