# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| I&R PARTNERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:20-cv-00751 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ATLAS COPCO INDUSTRIAL ) | MAGISTRATE JUDGE NEWBERN |
| TECHNIQUE, AB, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

By previous Order, the Court instructed Plaintiff I&R Partners, Inc. ("I&R") to show cause why this case should not be dismissed for failure to prosecute. I&R filed a response and incorporated motion (Doc. No. 27), to which Defendant Atlas Copco Industrial Technique ("Atlas") replied (Doc. No. 28). For the reasons stated herein, the Court will not dismiss the case for failure to prosecute, but the Court finds that Atlas' motion for summary judgment should be granted as unopposed.

This case, alleging breach of the duty of good faith and fair dealing and promissory fraud, was removed to this court on September 2, 2020, from the Chancery Court for Davidson County, TN. This case is not, however, the parties' first interaction. I&R sued Atlas in 2017 alleging the same claims. That case was likewise removed to this Court. (*See* Case No. 3:17-cv-1455) (hereinafter "the 2017 case").[1] The 2017 case had an initial discovery deadline of August 31, 2018. (2017 Doc. No. 8). By agreement of the parties, that deadline was extended to October 31, 2018. (2017 Doc. No. 18). That deadline was further extended to March 1, 2019, (2017 Doc. No. 23), and extended for a final time to July 1, 2019 (2017 Doc. No. 28). On September 25, 2019, Atlas

---

[1] Citations to docket numbers in the 2017 case will be made as "2017 Doc. No. __"

filed a motion for summary judgment. (2017 Doc. No. 32). On October 28, 2019, twelve days after the response deadline, I&R filed a motion to voluntarily dismiss the action without prejudice. (2017 Doc. No. 36). The Court granted the motion and advised the parties that, due in part to the late stage at which I&R sought dismissal, the Court would consider a motion to incorporate filings from the 2017 case into any later-filed, identical action in this court. (2017 Doc. No. 39).

I&R filed the instant action in Davidson County Chancery Court, and Atlas properly removed the action to this court on September 2, 2020. (Doc. No. 1). Atlas then moved to incorporate and reference the filings from the 2017 case on the grounds that this action is substantially the same as the 2017 case. (Doc. No. 5). The Magistrate Judge granted the motion and reinstated the previous motion for summary judgment. (Doc. No. 23). By the same order, the Magistrate Judge instructed I&R to respond to the motion for summary judgment on or before October 28, 2021. I&R moved for an extension of time to November 5, 2021, to file its response, stating that counsel had mis-calendared the response deadline, was preparing a response, and needing a one-week extension to complete it. (Doc. No. 24). The Court granted the motion. (Doc. No. 25). Five days short of an entire year passed with no filings from either party. I&R did not respond to the motion for summary judgment, and Atlas did not request that its motion be granted as unopposed. On October 28, 2022, the Court ordered I&R to show cause why this case should not be dismissed. (Doc. No. 26).

I&R filed a response on November 14, 2022, (Doc. No. 27), but that response fails to explain why it has taken no action in this case. Instead, I&R recites some of the procedural history of this case before contending that it is unable to respond effectively to the motion for summary judgment absent certain written discovery responses. Notwithstanding this position, I&R did not file a notice with the court, seek additional time, or move to compel responses in the intervening

year, and the response does not address that delay. I&R now requests, in the final paragraph of the response, that the Court reopen and compel discovery.

The Court is not convinced that I&R's "motion to compel" rises to the level of an appropriate filing under Fed. R. Civ. P. 56(d), and it is certainly not compliant with Fed. R. Civ. P. 37 or Local Rule 37.01. However, to the extent it could be construed as such, it is denied. The record demonstrates a lengthy litigation history between these parties, throughout which I&R has had myriad opportunities to assess and address discovery concerns and, if necessary, file an appropriate motion. The Court is especially cognizant of the extensive history of discovery extensions in the 2017 case, and of the status that case before I&R moved to voluntarily dismiss it due to discovery concerns.

Having addressed the request regarding discovery, the Court now turns to the pending motion for summary judgment. Atlas requests that it be granted as unopposed. Having reviewed the record in this case and the 2017 case, the Court agrees. Local Rule 7.01(a)(3) provides, in relevant part, that "[i]f a timely response is not filed, the motion shall be deemed to be unopposed…" The record in this case and the 2017 case demonstrates two failures by I&R to timely respond to the pending motion. Accordingly, the Motion for Summary Judgment (2017 Doc. No. 32) is **GRANTED**, and judgment is hereby entered in favor of Atlas Copco Industrial Technique, AB.

This order shall constitute the Court's final judgment under Fed. R. Civ. P. 58. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE